IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| AIMEE ALLAN,<br><br>   Plaintiff,<br><br>vs.<br><br>CUNA MUTUAL INSURANCE SOCIETY,<br><br>   Defendant. | No. C10-2016<br><br>ORDER QUASHING SUBPOENA |

This matter comes before the Court on the Motion to Quash Subpoena Duces Tecum and for Protective Order (docket number 38) filed by Plaintiff Aimee Allan and her husband, Tim Allan, on February 2, 2011; the Resistance (docket number 42) filed by Defendant CUNA Mutual Insurance Society on February 3, 2011; and the Reply (docket number 44) filed by the movants on February 8, 2011. Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

## *RELEVANT FACTS*

Plaintiff Aimee Allan ("Allan") was previously employed by Defendant CUNA Mutual Insurance Society ("CUNA"). According to her amended complaint, Allan began working for CUNA through a temporary employment agency on March 10, 2007. She began working "directly" for CUNA on November 12, 2007. Shortly after September 1, 2008, Allan informed CUNA that she was pregnant and that her expected due date was May 3, 2009. On September 23, 2008, Allan requested leave under the Family Medical Leave Act, for symptoms related to her pregnancy. Allan was terminated from her employment on October 29, 2008.

On February 16, 2010, Allan filed a petition in the Iowa District Court for Bremer County, seeking damages against CUNA for alleged violations of Title VII of the Civil Rights Act of 1964 (Count I), the Iowa Civil Rights Act (Count II), and the Family

1

Medical Leave Act (Count III). On March 9, 2010, the action was removed to the United States District Court for the Northern District of Iowa. CUNA filed its answer on March 12, 2010. Both parties filed motions for summary judgment, which are pending before District Judge Edward J. McManus.

On January 21, 2010, CUNA's attorney took the deposition of Timothy Allan, Plaintiff Aimee Allan's husband.[1] Mr. Allan testified that in December 2008 – shortly after Plaintiff was terminated – he obtained employment as a distribution supervisor for Coca-Cola at its warehouse in Ames, Iowa. For the year-and-a-half prior to that time, Mr. Allan was employed as a delivery driver for Coca-Cola in Cedar Falls. As a consequence of his promotion, it was necessary for Mr. Allan to move from Allison – where he and Plaintiff were living at that time – to Ames. When asked "[w]ould it have been possible for Aimee to continue working at CUNA once you got your promotion," Mr. Allan responded "no." In follow-up questioning by Plaintiff's counsel, however, Mr. Allan testified that he "heard about the job" after his wife got fired and "I was like, why not?" Mr. Allan testified he and Plaintiff were "currently trying to get back to the Allison area."

Three days after the deposition, on January 24, 2011, CUNA's attorney sent a subpoena to produce documents to Coca-Cola Bottling Company in Ames, together with a cover letter. The subpoena asks Coca-Cola to produce:

> Any and all employment records of Tim Allan (DOB 10/23/1978), including but not limited to complete personnel file, application for employment, applications for promotion and/or documentation regarding change in employment status, W-2's, payroll records, performance evaluations, disciplinary

---

[1] The Court notes parenthetically that the Scheduling Order established a discovery deadline of October 29, 2010. At Plaintiff's request, the deadline was extended to November 15, 2010. Upon further application of the Plaintiff, and over Defendant's resistance, the deadline was extended a second time to December 24, 2010. Apparently, however, the parties have ignored the Court's Order by mutual agreement. Not only was the deposition of Timothy Allan held on January 21, 2011, the e-mails attached to Plaintiff's instant motion suggest that further depositions are contemplated.

2

warnings, medical leave records, investigation documents and termination documents.

See Subpoena to Produce Documents, Exhibit A (docket number 38-2 at 6).

## DISCUSSION

Allan asks that the Court quash the subpoena requiring Coca-Cola to produce all of Mr. Allan's employment records, and to enter a protective order prohibiting CUNA from obtaining the records. Allan argues that compliance with the subpoena would require disclosure of privileged material and would subject Mr. Allan to an "undue burden." *See* FED. R. CIV. P. 45(c)(3)(A)(iii-iv). In response, CUNA argues that the requested materials are relevant to the issue of damages.

Plaintiff asserts that "it is well-established that an employee has a protected privacy interest in his personnel file." *Smartix Intern., LLC v. Garrubbo, Romankow & Capese, PC*, 2007 WL 4166035 at *2 (S.D.N.Y.) (an employee "clearly has a personal right with respect to the information contained in his employment records") (quoting *Chamberlain v. Farmington Sav. Bank*, 2007 WL 2786421 (D. Conn.)). In its resistance, CUNA does not contest this general proposition, but argues that "[u]nquestionably, personnel files can be deemed reasonably calculated to lead to the discovery of admissible evidence in an employment discrimination case," citing *Lyoch v. Anheuser-Busch Companies, Inc.*, 164 F.R.D. 62 (E.D. Mo. 1995).[2] That is, CUNA apparently concedes that Mr. Allan has a general privacy interest in his work records, but argues that they are nonetheless discoverable if they may lead to the discovery of admissible evidence.[3]

Arguing that they are relevant to the issue of damages, CUNA seeks "any and all employment records" of Mr. Allan at Coca-Cola. While it is not entirely clear to the Court, CUNA apparently questions Mr. Allan's testimony that he did not apply for the position in Ames until after his wife was terminated from her employment at CUNA.

---

[2] *See* CUNA's Resistance (docket number 42), ¶ 3 at 8.

[3] In fact, CUNA asserts in its resistance that at Plaintiff's request, it is "in the process of producing in excess of twenty personnel files."

3

Rather than targeting its discovery request to information relating to the timing of Mr. Allan's application, however, CUNA seeks "any and all employment records," including "W-2's, payroll records, performance evaluations, disciplinary warnings, medical leave records, investigation documents and termination documents." The Court believes that the subpoena is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1). *See also Premer v. Corestaff Services, LP*, 232 F.R.D. 692 (M.D. Fla. 2005) (granting the plaintiff's motion to quash on the ground that the defendant's subpoena duces tecum was an overly broad "fishing-expedition style discovery").

The Court concludes that the subpoena to produce documents served by CUNA on Coca-Cola Bottling Co. requires disclosure of documents in which Mr. Allan has a protected privacy interest. While employment records are properly produced in some cases, CUNA has failed to show a legitimate need for their production here. The Court concludes that the overly-broad subpoena is not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that Plaintiff's motion to quash and for protective order should be granted.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion to Quash Subpoena Duces Tecum and for Protective Order (docket number 38) filed by Plaintiff on February 2, 2011 is **GRANTED**.

2. The Subpoena to Produce Documents (docket number 38-2) served by CUNA on Coca-Cola Bottling Co. is **QUASHED**.

DATED this 9th day of February, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA