IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| AIMEE ALLAN,<br><br>Plaintiff,<br><br>vs.<br><br>CUNA MUTUAL INSURANCE SOCIETY,<br><br>Defendant. | No. C10-2016<br><br>ORDER DENYING MOTION TO QUASH SUBPOENA |

This matter comes before the Court on the Second Motion to Quash Subpoena Duces Tecum (docket number 53) filed by Plaintiff Aimee Allan and her husband, Tim Allan, on February 23, 2011; and the Resistance (docket number 54) filed by Defendant CUNA Mutual Insurance Society on March 4, 2011. Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

The relevant facts underlying the instant motion were recently described by the Court in its Order Quashing Subpoena filed on February 9, 2011, and will not be repeated here. *See* docket number 48. In brief, CUNA seeks certain employment information regarding Plaintiff's husband, to confirm or rebut Mr. Allan's testimony that he "heard about" his present position – which required Mr. Allan and Plaintiff to move to a different community – after his wife got fired.

In an earlier subpoena, CUNA asked Mr. Allan's employer to produce "any and all employment records" regarding Mr. Allan, including his complete personnel file, performance evaluations, and disciplinary warnings. Recognizing that Mr. Allan has a protected privacy interest in his employment records, the Court concluded that "the overly-

1

broad subpoena is not reasonably calculated to lead to the discovery of admissible evidence." Accordingly, Plaintiff's initial motion to quash was granted.

Two days later, CUNA prepared and served a second subpoena directed to Mr. Allan's employer. This time, rather than seeking "any and all employment records," CUNA limited its demand to records pertaining to Mr. Allan's transfer from Cedar Falls to Ames. Specifically, the subpoena requests:

> Any and all records pertaining to the promotion of Timothy Allan ("Allan") from Delivery Driver to Distribution Supervisor, including but not limited to the following: all postings for the Distribution Supervisor position, emails and all other forms of correspondence, communications or documentation related to Allan's application for and securing of the Distribution Supervisor position, and offers of employment related to the Distribution Supervisor position secured by Allan.

Subpoena to Produce Documents (docket number 53-3).

Plaintiff was terminated from her employment at CUNA on October 29, 2008. In December 2008, Mr. Allan was promoted from delivery driver for Coca-Cola in Cedar Falls to distribution supervisor for Coca-Cola at its warehouse in Ames, Iowa. Accordingly, it was necessary for Mr. Allan to move from Allison to Ames. At his deposition, Mr. Allan conceded that it would not have been possible for Plaintiff to continue working at CUNA once he received his promotion. Mr. Allan further testified, however, that he only "heard about the job" after his wife got fired. The Court believes that the issue of whether Mr. Allan and Plaintiff were intending to move from the area prior to Plaintiff's termination from CUNA may be relevant at the time of trial. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (In a discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). Accordingly, it is a proper subject of discovery. *See* FED. R. CIV. P. 26(b)(1).

Since CUNA's second subpoena is limited to documents relating to the "posting" of the position in Ames, and Mr. Allan's application for and securing that position, the Court concludes that it is properly limited in its scope. The Court concludes that the value of the information sought here outweighs Mr. Allan's privacy interest in that information. *See Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997) ("A party seeking the discovery of personnel information must demonstrate, notwithstanding the breadth of discovery, that the value of the information sought would outweigh the privacy interests of the affected individuals."). Accordingly, the Court finds that the instant motion to quash should be denied.

## ORDER

IT IS THEREFORE ORDERED that Plaintiff's Second Motion to Quash Subpoena Duces Tecum (docket number 53) is **DENIED**.

DATED this 9th day of March, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA