100511Nf

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

AIMEE ALLAN,                           )
                                       )     No. C10-2016 EJM
           Plaintiff,         )
                                       )     ORDER
    v.                             )
                                       )
CUNA MUTUAL INSURANCE SOCIETY,         )
                                       )
           Defendant.         )

This matter is before the court on plaintiff's resisted Motion for Summary Judgment, filed November 12, 2010, and on defendant's resisted Motion for Summary Judgment, filed January 3, 2011. Briefing concluded March 21, 2011. Plaintiff's motion granted, defendant's motion denied.

Plaintiff, a resident of Ames, Iowa, initially brought this action against defendant CUNA Mutual Insurance Company (CUNA) in the Iowa District Court for Bremer County on February 16, 2010, claiming violations of 42 USC §2000e et seq., 29 USC §2601 et seq. (Family Medical Leave Act (FMLA)), and the Iowa Civil Rights Act, IC §216. Defendant removed the matter to this court on March 9, 2010, pursuant to 28 USC §§1441 and 1446. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

On March 10, 2007, plaintiff began working for defendant CUNA in Waverly, Iowa, through a temporary employment agency. On November 12, 2007, she began full-time employment in defendant's call center. Defendant terminated her

employment on October 31, 2008.  Arising from her employment termination, plaintiff makes the following claims in her Amended Complaint filed December 10, 2010: Count 1 – pregnancy and sex discrimination in violation of 42 USC §2000e, et seq., Count 2 – pregnancy and sex discrimination in violation of the Iowa Civil Rights Act, IC §216, and Count 3 – pregnancy discrimination and retaliation in violation of the FMLA.  Plaintiff seeks equitable relief and damages.

Prior to the filing of her Amended Complaint, plaintiff sought partial summary judgment that she qualifies as an eligible employee under the FLMA.  In support, she asserts that through her combined employment as a temporary and permanent employee for defendant, she met the FMLA requirements as to length of time (twelve months) and number of hours (1,250 hours of service).  29 USC §2611(2)(A)(i) and (ii).  Defendant resists, urging that plaintiff did not work for defendant for a sufficient period of time to qualify as an eligible employee, that the temporary agency placed plaintiff at more than one location, that different individuals were responsible for oversight of plaintiff, and that her job duties varied due to lack of opportunity to be trained on various areas of business by defendant.  This issue remains pending, and the court will consider it as if raised upon the Amended Complaint.

Summary judgment must be granted if, granting the non-movant the benefit of all reasonable inferences from the evidence, the record shows there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  FRCP 56.

2

The temporary employment agency and CUNA are considered "joint employers" for FMLA purposes.  29 CFR §825.106(b) (joint employment ordinarily exists when temporary agency supplies employees to second employer).  The court is satisfied that for FMLA purposes, plaintiff's term of employment began upon her assignment to CUNA by the temporary agency, rather than upon subsequent permanent hiring, see Mackey v. Unity Health System, 2004 WL 1056066 (WD NY 2004), and therefore she meets the FLMA requirements as to time and hours. Plaintiff's Motion for Partial Summary Judgment on this issue shall be granted.  Due to the court's disposition of this issue, the court need not address plaintiff's alternative contention that having approved her medical leave, defendant is equitably estopped from asserting that she was not an eligible employee.

Turning to defendant's Motion for Summary Judgment on Counts 1 and 2, defendant asserts that plaintiff cannot show she was treated differently because of her pregnancy.  Defendant urges that both during and after her pregnancy, plaintiff failed to comply with policies, procedures, and expectations with regard to coming to work and doing her job, either failing to come to work, or providing inaccurate information as to when she could be expected to work.  Defendant urges plaintiff was not treated differently than other employees who violated attendance requirements, that other pregnant employees incurred absences due to pregnancy-related issues without adverse consequence, and that yet other employees were terminated for failing to properly adhere to call-in procedures.  Accordingly, defendant asserts that

plaintiff cannot make a prima facie showing of discrimination based on pregnancy, or rebut defendant's legitimate non-discriminatory reasons for her termination.

Plaintiff resists, asserting that direct evidence of discrimination exists in the context of her direct supervisor's remarks, which plaintiff characterizes as insinuating that she was lying as to the seriousness of her pregnancy related illness, and that the supervisor didn't experience similar symptoms when pregnant. Additionally, plaintiff urges that the record demonstrates a pattern of fact issues and inferences showing she was terminated for pregnancy related absenteeism, despite being on approved FMLA medical leave at the time of many absences, including the absence that led to her termination. These issues include evidence of defendant's substantial concern as to attendance, and fact disputes as to the lack of evidence regarding the claim that plaintiff failed to inform defendant as to absences.

It appearing no separate arguments have been made under the IC §216, plaintiff's claims under 42 USC §2000e and IC §216 and shall be addressed together. Elam v. Regions Financial Corp., 601 F3d 873, 878 (8th Cir. 2010); Podkovich v. Glazer's Distributors of Iowa, Inc., 446 FS2d 982, 1012 (ND IA 2006).

The plaintiff in an employment discrimination action may survive a motion for summary judgment in two ways – either by presenting direct evidence of discrimination, or by creating an inference of discrimination, including sufficient evidence of pretext, under the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 US 792, 802-804 (1973). Roberts v. Park Nicollet Health Services, 528 F3d 1123, 1127 (8th Cir. 2008). "At the summary judgment stage…, the issue is

'whether plaintiff has sufficient evidence that unlawful discrimination was a motivating factor in the defendant's adverse employment action.'" Roberts, supra, citing Griffith v. City of Des Moines, 387 F3d 733, 735 (8th Cir. 2004). "If so, then 'the presence of additional legitimate motives will not entitle the defendant to summary judgment.'" Id. at 1128 (citation omitted).

Absent direct evidence, to make out a prima facie case of pregnancy discrimination, a plaintiff must show (1) she is a member of a protected class, (2) she was qualified for the position, (3) she experienced an adverse employment action, and (4) there is a nexus between her pregnancy and the adverse employment action. Podkovich, supra, 446 FS2d at 1016. If the employer comes forward with evidence of a legitimate, nondiscriminatory reason for the challenged action, the employee must then come forward with a showing that the employer's proffered reason is pretextual. Id.

Upon the record before the court, it appears there exist disputed issues of fact precluding the entry of summary judgment on Counts 1 and 2, and therefore defendant's motion shall be denied as to those counts.

As for Count 3, defendant asserts that plaintiff cannot show she was deprived of leave, or disciplined for taking protected leave. Again, defendant urges that plaintiff was asked to advise defendant as to when, or if, she would be reporting for work, and that she failed to do so, and thus failed to adhere to attendance and call-in procedures. In accordance with the observations above, plaintiff urges that the real reason for her termination was not a failure to call in and keep defendant informed of

her absences, but rather, the absences themselves which were protected under the applicable law, and that defendant's claims to the contrary are a pretext for impermissible discrimination/retaliation.

To make out a claim of unlawful retaliation under the FMLA, plaintiff must show she (1) exercised a right under the FMLA, (2) that she suffered an adverse employment action, and (3) that there was a causal connection between the exercise of her rights and the adverse employment action.  Podkovich, supra, 446 FS2d at 1008.  If the employer then comes forward with evidence of a legitimate, nondiscriminatory reason for the employment action, the employee must in turn come forward with some evidence that the proffered reason is pretextual.

Again, upon the record before the court, it is the court's view that disputed issues of material fact preclude the entry of summary judgment on Count 3.

It is therefore

ORDERED

Plaintiff's Motion for Partial Summary Judgment granted.

Defendant's Motion for Summary Judgment denied.

October 5, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT